# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1659

_____

United States of America,          *
                                         *

         Appellee,                *

                                 *   On Appeal from the United States

       v.                   *   District Court for the

                                 *   Western District of Missouri.

Oscar L. Ventura,            *

                                 *   [Not to be published]

         Appellant.        *

_____

Submitted: August 1, 2000
Filed: August 14, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Oscar Ventura pleaded guilty to distributing and attempting to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court[1] sentenced him to three-and-a-half years (forty-two months) imprisonment, and three years supervised release. On appeal, his counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and with our permission, Ventura has filed a pro se supplemental brief.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Counsel argues that the District Court should have granted a requested downward departure, premised on Ventura's voluntary consent to deportation. Counsel acknowledges that the issue is unreviewable because the Court was aware of its authority to depart from the Guidelines and discretionarily declined to grant the departure, and we agree. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998).

Ventura argues that the District Court should have granted a downward departure for a reason that was never raised below: disadvantages he suffers due to his status as a deportable alien. We conclude that the Court did not plainly err in failing to grant a departure on this unrequested basis. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review).

Ventura also contends that he was entitled to a lower sentence under the safety-valve provisions, 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual § 5C1.2 (1998), but these provisions do not apply to him because he was not sentenced pursuant to a statutory minimum. Finally, although Ventura argues that he received ineffective assistance of counsel, his complaints about his counsel's performance should be presented in 28 U.S.C. § 2255 proceedings. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw. We also deny Ventura's motion for appointment of new counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.